**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 24 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NADA RAAD,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>FAIRBANKS NORTH STAR BOROUGH, SCHOOL DISTRICT,<br><br>　　　　Defendant - Appellee. | No. 04-35447<br><br>D.C. No. CV-97-00068-F-RRB<br><br>**MEMORANDUM*** |
| NADA RAAD,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>FAIRBANKS NORTH STAR BOROUGH, SCHOOL DISTRICT,<br><br>　　　　Defendant - Appellee. | No. 04-35624<br><br>D.C. No. CV-97-00068-F-RRB |
| NADA RAAD,<br><br>　　　　Plaintiff, | No. 04-35990<br><br>D.C. No. CV-97-00068-F-RRB |

RECEIVED

OCT 1 0 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

---

*This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

v.

**FAIRBANKS NORTH STAR BOROUGH, SCHOOL DISTRICT,**

Defendant - Appellee,

**ROBERT A. SPARKS,**

Real-party-in-interest - Appellant.

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted July 24, 2006
Anchorage, Alaska

Before:   **KOZINSKI, BERZON** and **TALLMAN**, Circuit Judges.

**1.** Because Raad failed to comply with Federal Rule of Appellate Procedure 10(b)(2) by refusing to provide any part of the trial transcript, we cannot evaluate her sufficiency of evidence claim, and thus dismiss it. See Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir. 1991) (per curiam).

**2.** Raad contends that the district court erred in not instructing the jury on the McDonnell Douglas burden-shifting framework, but "it is not normally appropriate to introduce the McDonnell Douglas burden-shifting framework to the

jury. At that stage, the framework 'unnecessarily evades the ultimate question of discrimination vel non.'" Costa v. Desert Palace, Inc., 299 F.3d 838, 855–56 (9th Cir. 2002) (en banc) (quoting U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 (1983)), aff'd, 539 U.S. 90 (2003). To the extent we can evaluate this claim without a transcript, nothing in the record suggests that this case is atypical so as to make such an instruction appropriate. Nor do we have any record that Raad objected to the instructions at trial.

**3.** Costs are awarded to the prevailing party in civil actions as a matter of course, unless extraordinary circumstances make the award of costs improper. Fed. R. Civ. P. 54(d)(1); see also Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 591–93 (9th Cir. 2000) (en banc). Raad presents no extraordinary circumstances to merit a departure from the default rule.

**4.** The district court did not abuse its discretion in finding that Sparks recklessly engaged in unreasonable and vexatious litigation tactics, which unduly increased litigation costs for the opposing party. See 28 U.S.C. § 1927; see also Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001) ("[R]ecklessness suffices for § 1927 . . . ."). Nor did the district court abuse its discretion as to the amount of sanctions. It imposed far less than the $55,000 in excess costs alleged.

**5.** A district court may award attorney's fees to a prevailing Title VII defendant if the plaintiff's "claim was frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co., v. EEOC, 434 U.S. 412, 422 (1978) (interpreting 42 U.S.C. § 2000e-5(k)). We review for abuse of discretion. See Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir. 1998).

This was a long and costly suit. In total, the public school district incurred nearly $900,000 in attorney's fees. In awarding $150,000 in partial fees against Raad, the district court found that "[p]laintiff's claims were frivolous and totally lacking any foundation." In a different order, the district court did note that Raad presented one "legitimate jury issue"—namely, "that she was disciplined inordinately because of her race and/or religion after the incident in the superintendent's office." And, by previously reversing summary judgment on two of her claims, we held that Raad had made a prima facie case of discrimination and that genuine issues of fact existed. See Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1198 (9th Cir. 2003).

By ordering far less than the full amount of fees incurred by the school district in this litigation, the district court obviously took into account the portions

Case 4:97-cv-00068-RRB   Document 528   Filed 10/08/2006   Page 5 of 10

page 5

of plaintiff's case that were not frivolous. The district judge was intimately familiar with the case and could thus properly apportion the fees incurred by the defendant in responding to the claims that <u>were</u> frivolous. The district court did not abuse its discretion in awarding partial attorney's fees: The award balances the excessive fees that the school district was forced to incur with Raad's ability to pay; it also strikes a reasonable compromise in not chilling plaintiffs from pursuing civil rights claims while still protecting employers and the public from shouldering the excess costs incurred when such plaintiffs continue to litigate claims after it's clear they lack merit.

**DISMISSED** in part and **AFFIRMED** in part.

***Raad v. Fairbanks North Star Borough School District***, No. 04-35447, 04-35624, 04-35990

**JUDGE BERZON, dissenting in part:**

FILED

AUG 24 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

I respectfully dissent from the portion of the memorandum disposition approving the $150,000 fees award against the plaintiff, Nada Raad.

The district court provided no adequate explanation as to why fees should be awarded against Raad, and no explanation at all concerning the amount of the fee award. Stringent standards apply to fee awards against plaintiffs in civil rights cases. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978) (holding that a district court should award a prevailing defendant attorney's fees only if the plaintiff's action was "frivolous, unreasonable, or without foundation" and, even then, urging district courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation"). Stringent standards also apply regarding the extent to which a judge must explain how a fee award was calculated. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006) (explaining that the district court should "provide a concise but clear explanation of its reasons for the fee award" and that if it fails to do so, the appellate panel "will remand the award for the court

1

to provide an explanation"); *Benton v. Or. Student Assistance Comm'n*, 421 F.3d 901, 904 (9th Cir. 2005) ("[I]t is vital that the court provide 'some indication or explanation of how [it] arrived at the amount of fees awarded.'") (quoting *Cummings v. Connell*, 402 F.3d 936, 947 (9th Cir. 2005) (alterations in original)). Given these standards, a fee award without an adequate justification cannot stand.

The district court at first stated that the award was being given because Raad's case was entirely frivolous – stating that there was "no rational basis for Plaintiff's allegations of discrimination" and that "Plaintiff's claims were frivolous and totally lacking any factual foundation." In a later order, the district court stated that fees were being awarded because "of the bad faith nature of Plaintiff's claims." Frivolousness and bad faith are entirely distinct rationales. Moreover, as the majority acknowledges, the district court, in yet a third order – but not one concerning the fee award against Raad – conceded that at least part of the case – the allegations concerning discriminatory discipline – was not frivolous and required jury determination. These three explanations simply cannot be reconciled.

Furthermore, under the circumstances of this case, any justification would have to be extremely specific to be adequate. This court remanded for trial, reversing a motion for summary judgment and finding that the plaintiff had made a

2

prima facie case of discrimination. There is substantial case law suggesting that a fee award for defendants is ordinarily improper in those circumstances. *See, e.g., Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995) (reversing the district court's conclusion that the plaintiff's case was "clearly frivolous" and the concomitant Rule 11 sanctions where the plaintiff had made a prima facie showing of Title VII disparate treatment and had raised additional facts potentially pointing to a discriminatory motive); *Mitchell v. Office of L.A. County*, 805 F.2d 844, 847 (9th Cir. 1986) (reversing an attorney's fees award against a civil rights plaintiff where the plaintiff only brought suit after receiving a right-to-sue letter from the EEOC, thus indicating that there was "an adequate basis in law and facts" to pursue his claim); *Jensen v. Stangel*, 762 F.2d 815, 818 (9th Cir. 1985) (indicating that earlier denials of a defendant's motions to dismiss and for summary judgment suggested that a plaintiff's claims "were not without merit").

To be sure, attorneys fees might be warranted even after a plaintiff survives summary judgment, if there is some unusual development at trial – for example, a failure by the plaintiff to present to the jury some key part of the evidence she had presented at summary judgment, so that there was less evidentiary support for her position at trial than on summary judgment, or a factual presentation by the plaintiff that is refuted by devastating cross examination or irrefutable defense

evidence.[1] The district court, however, points to no such unusual circumstance here, and I am aware of none. The school board's motion, moreover, invited the district court to disregard the reversal of summary judgment by relying in part on the district court's original ruling granting summary judgment as a basis for awarding fees. As there was no explanation by the district court that takes account of the prior reversal of summary judgment in this case, I would reverse the fee award.

As to the amount of the award, all we know is that the defendants claimed to have incurred legal costs of more than $887,000, asked to be awarded $180,000, and were awarded $150,000. The majority suggests that by awarding an amount much lower than the total costs incurred by defendants and a bit lower than the amount actually requested, the district court was adjusting for the nonfrivolous portions of Raad's case. There is absolutely no basis for this conclusion. The fee orders themselves refer to *overall,* not partial, frivolousness and bad faith. Also, even if one thought there was such an adjustment, there is no way to judge

---

[1] Even under those circumstance, however, courts have been reluctant to award fees to the prevailing defendant. *See, e.g., AFSCME v. County of Nassau,* 96 F.3d 644, 652 (2d Cir. 1996) (explaining that "a claim is not necessarily frivolous because a witness is disbelieved or an item of evidence is discounted, disproved or disregarded at trial" and that fees are unjustified "where evidence is introduced that, if credited, would suffice to support a judgment").

4

whether the amount actually awarded bears any relationship to the hours expended, post-summary judgment, on any nonfrivolous cause of action; only post-summary judgment hours are pertinent, because summary judgment was reversed.

I would reverse the fee award outright as without justification. Absent that disposition, I would remand to the district court for an explanation both as to the reason for the award and as to the amount. I therefore respectfully dissent.

A TRUE COPY 10/5/06
ATTEST
CATHY CATTERSON
Clerk of Court
by:_____
Deputy Clerk
This certification does constitute the mandate of the court.

5