Peter C. Partnow, ASBA No. 7206029
Lane Powell LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
PartnowP@LanePowell.com

Counsel for Defendant Fairbanks
North Star Borough School District

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NADA RAAD,<br><br>                             Plaintiff,<br><br>v.<br><br>FAIRBANKS NORTH STAR BOROUGH SCHOOL DISTRICT,<br><br>                             Defendant. | Case No. 4:97-CV-00068-RRB<br><br>**MOTION TO RELEASE FUNDS TO DEFENDANT PURSUANT TO DEFENDANT'S WRIT OF EXECUTION** |

## I. RELIEF REQUESTED

Defendant Fairbanks North Star Borough School District ("the School District") respectfully requests that the Court decline to release to Plaintiff Nada Raad ("Ms. Raad") the cash which she posted to satisfy bonding requirements previously established in this litigation and instead, upon exoneration of the bonding requirement, release the underlying funds in the court's possession directly to the School District pursuant to the writ of execution which is being served along with this motion. Since the security for the appellate bond was cash posted by Plaintiff Raad, and since the defendant possesses a final judgment against plaintiff far in excess of the cash posted, defendant should be allowed to execute on the moneys posted by plaintiff in partial satisfaction of its outstanding judgment against the plaintiff.

## II. FACTS

In early 2004, defendant prevailed on all issues after a lengthy jury trial in Fairbanks, Alaska. Subsequent to the trial, on March 19, 2004, this Court ordered Raad to pay the School District $150,000 in attorney fees in consequence of her failed litigation against the School District. Docket No. 562. Ultimately, judgment in the amount of $173,274.26 was entered against Ms. Raad and in favor of the School District. Docket No. 524.

Ms. Raad appealed both the underlying verdict and the award of costs and fees against her. Docket No. 525. January 18, 2005, Raad, in compliance with the order of the court, paid a cost bond of $10,000 to this Court, giving her leave to appeal the attorney fee order. Rather than obtaining any type of corporate surety bond, Ms. Raad paid her own funds into the court to satisfy her bonding requirement.

The School District was again successful on all points on appeal, as, on August 24, 2006, the Ninth Circuit affirmed both the decision on the merits and the award of attorneys fees against Ms. Raad. Docket No. 527. On September 28, 2006 the Ninth Circuit denied Raad's petition for a rehearing en banc. Subsequently, the United States Supreme Court denied Ms. Raads motion for petition for writ of certiorari.

This litigation is thus concluded, except for the fact that School District has yet to satisfy its judgment against Ms Raad. As this court has recognized by its July 9, 2007 notice, Ms. Raad has previously placed $10,000 with the court. Docket No. 531. While the court's notice suggests that these funds might be returned to Ms. Raad, the appropriate disposition of those funds is to allow them to be executed on by the School District in partial satisfaction of its judgment against Ms. Raad.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

### III. LEGAL ARGUMENT

This Court should make the funds from Raad's appellate bond available to the School District to partially satisfy the School District's judgment against Raad. As this Court noted in its Minute Order from Chambers Granting Attorney Fees (Docket No. 562), there was no rational basis for Raad's litigation and this litigation was frivolous and totally lacking any factual foundation. Based on this opinion, the Court awarded attorney fees to the School District, compensating it, in part, for the huge expenditure it was forced to endure as a result of Ms. Raad's litigiousness.

Subsequent to the proceedings in this court, the School District was forced to incur still further costs and fees addressing Ms. Raad's unsuccessful appeal to the Ninth Circuit and subsequent unsuccessful petition for a writ of certiorari.

At this point, the School District's judgment is unsatisfied and it is unclear generally what property of value Ms. Raad may possess which could be applied towards satisfaction of the outstanding judgment. However, one item of value of which the School District is aware and which may clearly be applied towards partial satisfaction of its judgment against Ms. Raad is the $10,000 in cash which is currently being held by the court. If these funds are returned to Ms. Raad, they will likely disappear and become difficult if not impossible for the School District to execute upon in order to partially satisfy its judgment. The School District thus respectfully requests that these funds be released to it pursuant to its writ of execution to partially satisfy the School District's outstanding judgment against Ms. Raad.[1]

---

[1] The School District is mindful of *United States ex rel. Terry Inv. Co. v. United Funding & Investors, Inc.*, 800 F. Supp 879, 882 (E.D. Cal 1992) and its holding that a bond for costs may not be used to satisfy the underlying judgment. In the instant situation, the School District is not seeking to apply a bond for purposes other than the purposes for which the bond was obtained. Rather, the School District is seeking to execute by proper writ of execution on the property of the plaintiff, e.g. the cash which she posted in lieu of a surety bond.

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## IV. CONCLUSION

For the reasons stated, the School District moves that the funds of plaintiff Raad not be released to her, but rather, upon release of the bonding requirement previously established by the court, that the property of the plaintiff paid in to the court and currently being held by the court, be released to the School District pursuant to its Writ of Execution in partial satisfaction of the Final Judgment which it possesses against Ms. Raad.

DATED this 26th day of July, 2007.

> LANE POWELL LLC
> Attorneys for Defendant
>
> By  s/ Peter C. Partnow
>   Peter C. Partnow, ASBA No. 7206029
>   301 W. Northern Lights Blvd., Suite 301
>   Anchorage, Alaska 99503-2648
>   Tel:  907-277-9511
>   Fax:  907-276-2631
>   Email:  PartnowP@LanePowell.com

I certify that on July 26, 2007, a copy of the foregoing was served by mail on:

Nada Raad, 1300 Viewpointe Dr.
Fairbanks, AK 99709

119496.0001/161252.1

**LANE POWELL LLC**
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631