Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701
907-471-0875

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

NADA RAAD, )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　)
vs. )
　　　　　　　　　　　　　　　　　　　　　　　)
FAIRBANKS NORTH STAR BOROUGH )
SCHOOL DISTRICT, )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant. )
　　　　　　　　　　　　　　　　　　　　　　　)

Case No. F97-0068 CV (HRH)

**AFFIDAVIT OF NADA RAAD**

STATE OF ALASKA　　　　)
　　　　　　　　　　　　　　　　　)ss.
FOURTH JUDICIAL DISTRICT )

I, Nada Raad, being duly sworn upon oath depose and state as follows:

1. I am the Plaintiff in this matter.

2. During the Spring of 1990, I applied for substitute teaching positions with the Defendant, and obtained a Teacher Application form. After I finished my education in early December 1990, I was contacted by a teacher that I had worked with, and that teacher told me that she would request me as a substitute for her classes.

4. I was not interviewed for a single teaching position by defendant during 1991.

Raad v. FNSB School District
page 1




Exhibit 6 page 1

5. During the 1991-1992 school year, I worked extensively as a substitute teacher as a result of many requests by teachers that I substitute for them when they were absent.

6. During the 1991-1992 school year, I worked extensively as a substitute teacher as a result of many requests by teachers that asked me to substitute for them when they were absent. I requested and received a recommendation for hire from Defendant's former Principal at Tanana Middle School, Deborah Kerr-Carpenter, which was submitted to the Defendant's Administrative Offices.

7. Before she submitted my recommendation, I had provided Ms. Carpenter with a document stating the Defendant's policy that the recommendation must be on the right form.

8. At approximately the end of June or beginning of July 1992, I was informed by the Defendant's personnel department that my application for employment was not included in the hiring pool for qualified applicants during 1992. A personnel department employee told me that I was not in the 1992-93 hiring pool because the recommendation I had received from Ms. Kerr-Carpenter was not on the right form. I was unable to obtain the recommendation on the right form from Ms. Carpenter until July 21, 1992. I was was not told until approximately mid-August 1992, that I had been placed in the hiring pool

9. I contacted the Defendant and requested to be considered for hire for a position at Tanana Middle School during August



Raad v. FNSB School District

99

Exhibit 6 page 2

1992. I was highly qualified for the position at Tanana Middle School and I had worked extensively as a substitute teacher at the school during the 1991-92 school year. I had also received good evaluations of my teaching performance and had received an unqualified hiring recommendation from the principal, Ms. Kerr-Carpenter.

11. On September 23, 1992, I met with Charles Moore, the FNSB School district EEO officer to file a complaint that I believed that the FNSB School district had failed to hire me as a teacher during the 1991-1992 and 1992-1993 school years, because of discrimination against me based on my national origin and religion. Charles Moore accepted my complaint and told me that he would have to investigate

12. On or about October 2, 1992, Mr. Moore met again with me and told me that he had discussed my application for employment and discrimination complaint with the FNSB School District Superintendent, Rick Cross, and with Jerry Hartsock, Principal of Lathrop High School. Mr. Moore told me that Mr. Cross and Mr. Hartsock had agreed that I should be hired for a science teaching position at Lathrop High School for the 1993-94 school year and that if a long-term substitute teaching position became available during the 1992-93 school year, that I would also have the option of filling that position.

13. Mr. Moore told me that in his investigation that he had

Raad v. FNSB School District
page 3

*100*

Exhibit 6 page 3

reviewed my personnel file when I complained to him in September and October 1992. Under Defendant's hiring policy, my applicant file would have contained Ms. Kerr-Carpenter's July 21, 1992 unqualified recommendation that I be hired for a full-time teaching position

14. I am aware from working at Tanana Middle School, that when Ms. Carpenter did not hire Ms. Sanderson for the teachers aide position, she instead hired a Caucasian for this position.

15. During March 1993, I met with FNSB EEO Officer Charles Moore regarding the FNSBSD commitment to hire me for a long-term substitute teaching position. I had been offered a long-term substitute position at Lathrop High School. Charles Moore told me not to take the Lathrop position because I would be hired for a Full-Time Temporary Teaching position at Ryan Middle School for Patrice Lee at Ryan Middle School as part of his commitment to me. I asked Mr. Moore why I would have to go through the interview process for the Ryan Middle School position, if I was supposed to receive the position. Mr. Moore told me that the interview was a formality that I had to go through to receive the position. I was subsequently interviewed and selected for the substitute teaching position at Ryan Middle School for Patrice Lee.

16. During August 1993, I met with Mr. Moore and he told me that I would be notified regarding the interviews for the Lathrop High School position.

Raad v. FNSB School District
page 4

000042

Exhibit 6 page 4

17. On August 12, 1993, I went to Mr. Moore's office and told Mr. Moore that I had spoken with Ms. Cromer and had discovered that Ms. Cromer had been hired without a competitive interview. Mr. Moore brushed me off with a comment like "don't believe everything you hear." At our meeting on August 13, 1992, Mr. Moore told me that I had the option of filing a complaint with the ASCHR. I told Mr. Moore that I intended to contact an attorney regarding my employment matter and this was <u>prior</u> to any allegation that I had made a bomb threat.

18. On August 30 or 31, 1993, I applied for substitute teaching positions with Defendant. On August 27, 1993, I contacted the ASCHR and submitted my intake questionnaire regarding the sex, reprisal, national origin, race and religious discrimination by defendant in failing to hire me during 1991-1993. The ASCHR received my intake questionnaire on September 2, 1993. I signed my complaint against the Defendant and filed it with the ASCHR on September 16, 1993.

19. On September 7, 1993, Teresa Barnett, the secretary at Ryan Middle School, told me that she had been told not to call me for substitute teaching.

20. The ASCHR did not interview Ms. Kerr-Carpenter in its investigation of my first complaint.

21. After I submitted my intake questionnaire to the ASCHR, the ASCHR staff drafted a complaint for me to sign. I went to

Raad v. FNSB School District
page 5

Exhibit 6 page 5

the ASCHR office in Fairbanks to sign the complaint. When I asked why all of the information contained in my intake questionnaire was not contained in the ASCHR complaint, I was told that the ASCHR complaint was a summary of the information that I had submitted in my intake questionnaire and that the ASCHR would investigate all of the issues raised in my intake questionnaire.

22. I did not have the assistance of an attorney in the drafting of my ASCHR administrative complaint.

23. Mr. Moore did not inform me about my right to file a complaint with the ASCHR or the EEOC at anytime prior to August of 1993.

24. Mr. Moore made a commitment to me that Defendant would resolve my 1992 discrimination complaint by providing me with a full-time teaching position at Lathrop High School.

25. At the times I was rejected for employment by the Defendant's principals, I was not told that my accent or manner of speaking had anything to do with why I was not hired. I learned that I was not hired because of my accent or manner of speaking on August 13, 1993, when I was told this by Charles Moore.

26. Mr. Layral included my name on 3 flowcharts for positions that he did not interview me for.

27. Mr. Layral did not interview or consider me for the three teaching positions hired at North Pole Middle School during August and September 1993.

103

Exhibit 6 page 6

28. I was hired by Defendant under a temporary teaching contract at Ryan Middle School. When I went to the Defendant's Administrative Office to sign my Temporary Teaching Contract, I was told by Cindy Lane, personnel technician, that I would have a hiring priority above any new hire for the coming school year. Mr. Moore told me during August 1993, that I was in the science pool with two other teachers who were laid-off.

29. During 1993, I was certified to teach all sciences and math. I also had research experience from working with the American University of Beirut.

30. I have an identifiable national origin. My name, "Nada Raad", is an Arab name. I speak with a distinctive identifiable accent. My children were enrolled in Defendant's school district and both of my children have Arab names, "Zyde Raad" and "Mohamad Raad". I gave many presentations on my national origin from the winter of 1990 through 1996, at the schools where I substitute taught and at the schools my children attended, including University Park, Pearl Creek, Tanana Middle School, and Ryan Middle School.

31. True and correct copies of my college transcripts that I provided to the Defendant's personnel office during January 1991 that stated that my national origin was "Lebanese" are attached to my Opposition as Ex. 220.

32. During the 1992-93 school year, I approached the Ryan

Raad v. FNSB School District



Exhibit 6 page 7

principal, Yvonne Ryan, and asked to be considered for the GT position that Ms. McKinney was leaving. Ms. Ryan refused to even allow me to be interviewed for the GT position.

33. I had extensive experience with the team teaching concept when I interviewed for the science position at Tanana Middle School during 1992, because I had worked extensively with the teaching teams at Tanana Middle School during my student teaching and I had extensive prior substitute teaching experience.

34. Neither Mr. Cooney, nor Ms. Fathauer speaks with an accent. Neither of these persons was born outside the United States, as I was. Neither of these persons claims to be Arab.

35. Cooney has an Irish name and looks Hispanic.

36. My name, Nada Itani Raad is a strong Moslem Sunni name. My children, Zyde and Mohamad were enrolled in Defendant's school district, and both of these names are strong Moslem names. Zyde attended Tanana Middle School during the 1991-92 and 1992-93 school years. Zyde attended Lathrop High School during the 1993-1997 school years.

37. Deborah Kerr-Carpenter, principal at Tanana Middle School, attended at least one of the presentations that I gave at her school where I discussed being Moslem and my Lebanese national origin around the Fall of 1990 time period. In the Spring of 1992, when I was substitute teaching at Tanana Middle School, a student asked me for information about the Moslem Religion for a

Raad v. FNSB School District
page 8



paper the student was writing. Because of restrictions regarding distribution of religious materials in the schools, I explained what had happened and gave Ms. Kerr-Carpenter a pamphlet on my religion, Moslem, and asked Ms. Kerr-Carpenter to decide whether or not to give it to the student

38.  While it is a stereotype that all Moslem women in the middle East wear veils. All Moslem women in the Middle East do not wear veils. I have never worn any type of veil in public in my life. I never told Mr. Moore that I ever wore a veil. The "veil" question was not asked by Mr. Moore until nearly a year after I had first complained to him in September 1992.

39.  I interviewed Andre Layral, principal at North Pole Middle School, during February 1990, as one of the requirements for my student teaching class. Mr. Layral then asked me questions about my background, and in the course of this discussion, my national origin and the subject of my religion being Moslem was discussed.

40.  On August 13, 1993, when I discovered that I had not been selected for the Lathrop Science position I immediately went to the Defendant's Central Office to see Mr. Moore regarding the commitment that he had made to me that I would be hired for the Lathrop Science teaching position in August 1993, as a resolution of my complaint during 1992. When I went to see Mr. Moore, he denied that he had made any commitment to me that I would receive



Raad v. FNSB School District
page 9

Exhibit 6 page 9

a science teaching position at Lathrop High School. During a meeting with Mr. Moore that morning, he told me that the school district did not want to hire me because of my accent.

41. On August 13, 1993, when the blow up incident occurred, neither Ms. Hallberg or Ms. Sather ever asked me for any clarification of what I had said.

42. I was not notified until September 8, 1993, that Defendant intended to ban me from consideration for employment and substitute teaching for one year.

44. Sharon Lovell testified at the ASCHR hearing that she could not recall that any other substitute teacher has ever been disciplined by having a letter sent to the individual schools regarding a disciplinary action and that no other substitute teacher has ever been disciplined by having the Defendant's personnel director and another employee personally call all of the individual schools and inform them not to hire the person.

45. Ms. Gallentine did not speak with me on August 13, 1993.

46. On August 13, 1993, I did not threaten to blow up the building, and I did not threaten to hurt anyone. Before the blow up incident, I had explained to Charles Moore that I had made an appointment to see an attorney regarding the employment situation and that I did not want anyone to get legally hurt.

47. Charles Moore never asked me to leave the building at any time prior to the police arriving, on August 13, 1993.



Raad v. FNSB School District
page 10

Exhibit 6 page 10

48. At the time the school district took disciplinary action against me on September 3, 1993, without hearing my side of the story, I was employed by the Defendant as a substitute teacher.

50. During the Spring of 1993, I was working at Ryan Middle School when I was told by one of my students that Dennis Gardella, a substitute teacher had violated Defendant's rules against giving students a ride in his personal vehicle and gave a minor female student a ride home in his personal vehicle.

51. Attached to my Opposition Memorandum are transcriptions that I have done of testimony given by Defendant's employees and witnesses at the Alaska State Commission for Human Rights hearing on my complaint in Case No. 95-074. To the best of my ability, the transcript attached is a true and accurate transcription of the testimony at the ASCHR hearing regarding my second complaint against Defendant.

52. Sharon Lovell testified the letter that she sent to the ASCHR with a copy of my personnel file was "accurate" and had been double-checked. However, the file which Defendant produced to the ASCHR did not contain an evaluation of my teaching performance from my Temporary Teaching Position and did not contain the special form recommendations for hire that I had received from Defendant's principals Deborah Kerr-Carpenter and Evonne Ryan. Another woman, Teresa Ponder, was hired for a Temporary Teaching position at about the same time as I was and her personnel file

Raad v. FNSB School District
page 11



Exhibit 6 page 11

contained a recommendation that she had received for her Temporary Teaching position. The absence of these recommendations in my file hurt my chances of obtaining employment, because principals could not see that I had successfully completed my Temporary Teaching assignment.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED THIS __3__ day of March, 2000, at Fairbanks, Alaska.

_____
NADA RAAD

SUBSCRIBED AND SWORN to or affirmed before me this __3rd__ day of March, 2000.

_____
Ellen A. Craig
Notary Public in and for Alaska
My commission expires: 01-23-0



ELLEN A. CRAIG
NOTARY PUBLIC
STATE OF ALASKA
My Commission Expires
January 23, 2002

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was [x] mailed [] faxed [] hand delivered to:
Peter C. Partnow, Esq.
this __4__ day of March, 2000.
LAW OFFICE OF ROBERT A. SPARKS

Ellen A. Craig
Ellen A. Craig

ROBERT A. SPARKS
ATTORNEY AT LAW
1552 NOBLE STREET
FAIRBANKS, ALASKA 99701
PH: (907) 451-0875
FAX: (907) 451-9385

Raad v. FNSB School District
page 12

Exhibit 6 page 12