```
 1                IN THE UNITED STATES DISTRICT COURT

 2                        DISTRICT OF ALASKA

 3   NADA RAAD,                      )
                                     )
 4                  Plaintiff,       )
                                     )
 5   vs.                             )
                                     )
 6   FAIRBANKS NORTH STAR BOROUGH    )
     SCHOOL DISTRICT,                )
 7                                   )
                    Defendant.       )
 8   _____)
     Case No. F97-0068 CV (HRH)
 9
                 DEPOSITION OF GWENDOLYN J. HOFFMAN
10
     APPEARANCES:
11
        FOR THE PLAINTIFF:         MR. ROBERT SPARKS
12                                 Attorney at Law
                                   1552 Noble Street
13                                 Fairbanks, AK  99701
                                   (907) 451-0875
14
        FOR THE DEFENDANT:         MR. PETER PARTNOW
15                                 Foster, Pepper, Rubini
                                      & Reeves
16                                 601 W. 5th Avenue, Ste. 500
                                   Anchorage, AK  99501
17                                 (907) 222-7100

18      ALSO PRESENT (for Deponent):  MR. PAUL EWERS
                                   Office of the City Attorney
19                                 800 Cushman Street
                                   Fairbanks, Alaska  99701
20                                 (907) 459-6758

21                        * * * * * *

22

23

24

25
```

Exhibit 25 page  1



R & R COURT REPORTERS
709 Second Avenue
Fairbanks, Alaska 99701
(907) 452-3589

|    |   |   |
|----|---|---|
| 1  |   | Those are all questions we ask when someone calls us |
| 2  |   | and, you know, obviously this call is transferred to |
| 3  |   | dispatch for an officer to respond.  So we get the |
| 4  |   | person's name, what's going on, where is it at, what's |
| 5  |   | your phone number, and that information taken from the |
| 6  |   | caller is all captured in those different locations. |
| 7  | Q | Do you know if Exhibit 2 is a true and accurate copy of |
| 8  |   | information that's contained in the Fairbanks Police |
| 9  |   | Department 911 computer system? |
| 10 | A | It looks as -- it's familiar, it looks as if it is, |
| 11 |   | yes. |
| 12 | Q | And do you know who prepared -- who entered this -- |
| 13 |   | does the log, Exhibit 2, indicate who -- what |
| 14 |   | dispatcher en -- entered this information into the |
| 15 |   | computer? |
| 16 | A | Well, my initials are there, but I don't remember |
| 17 |   | specifically this call, so I couldn't say it was me or |
| 18 |   | another dispatcher, but I couldn't say it wasn't mine, |
| 19 |   | because it was a long time ago. |
| 20 | Q | And would it be your custom or practice if you prepared |
| 21 |   | a -- a record such as the statement a Lebanese woman |
| 22 |   | was rejected as an applicant at, and then there is an |
| 23 |   | up arrow sign comma, it looks like PERS, period, OFC |
| 24 |   | comma 3rd floor, room 320 comma, refuses to leave, and |
| 25 |   | says she's going to blow the -- it looks like building |



|     |   |                                                                      |
|-----|---|----------------------------------------------------------------------|
| 1   |   | up, and then it says underneath that she left -- is --               |
| 2   |   | would that have been information that you obtained from              |
| 3   |   | the caller?                                                          |
| 4   | A | Yes.                                                                 |
| 5   | Q | And after you -- wou -- would your custom or practice                |
| 6   |   | to be to enter that information on the computer, and                 |
| 7   |   | then it would -- would stay the same or would that                   |
| 8   |   | information ever be changed?                                         |
| 9   | A | That information would stay as the dispatcher typed it               |
| 10  |   | in.  When the -- when this is printed out, the shift                 |
| 11  |   | commander looks at everything and have block-out --                  |
| 12  |   | it's at his discretion, I'm not sure what they block                 |
| 13  |   | out -- they block out information.  I know some                      |
| 14  |   | juvenile information is blocked out if there are names               |
| 15  |   | in there.  When we take the call we have to get -- if                |
| 16  |   | there is a disorderly person, we try to get the name of              |
| 17  |   | the person, we try to run wants and warrants on the                  |
| 18  |   | person before the officer leaves the station so they                 |
| 19  |   | know, you know, what kind of -- what they're going to,               |
| 20  |   | what to expect on the call.  But apparently it doesn't               |
| 21  |   | look like anything was changed on this synopsis.                     |
| 22  | Q | If -- if there was something changed, were there be an               |
| 23  |   | indication there that it -- that it had been changed on              |
| 24  |   | the record itself?                                                   |
| 25  | A | Well, if the shift commander looks at what's in there,               |

R & R COURT REPORTERS
709 Second Avenue
Fairbanks, Alaska 99701
(907) 452-3589

Exhibit 25 page 3

|    |   |                                                                      |
|----|---|----------------------------------------------------------------------|
| 1  |   | and doesn't, you know, wants names or anything                       |
| 2  |   | recorded, very rarely do they come and say change what               |
| 3  |   | you put in there. They will take a marker and block it               |
| 4  |   | out. And I see it looked like on Exhibit 1 where that                |
| 5  |   | -- there is a little slash mark, it looks like they                  |
| 6  |   | blocked that out there.....                                          |
| 7  | Q | And.....                                                             |
| 8  | A | .....it's like an example.                                           |
| 9  | Q | .....can you tell you us what time Exhibit -- Exhibit                |
| 10 |   | 2, what time that call came in?                                      |
| 11 | A | This call was stacked in the computer at 9:57.                       |
| 12 | Q | So what's that indicate to you?                                      |
| 13 | A | At 9:57 is what time you tap the computer and it would               |
| 14 |   | record the time and it -- this call started to be ta --              |
| 15 |   | taken in. It looks like it was dispatched at 10:05,                  |
| 16 |   | and an officer arrived at 10:07, and completed at                    |
| 17 |   | 10:35.                                                               |
| 18 | Q | If there had been a -- what did you call it, a wants                 |
| 19 |   | and warrants check.....                                              |
| 20 | A | Uh-hum (affirmative).                                                |
| 21 | Q | .....would that information be reflected on this                     |
| 22 |   | computer log someplace?                                              |
| 23 | A | It would if there was a name of the person in the                    |
| 24 |   | synopsis. If there was a person's name other than it                 |
| 25 |   | just saying the woman. It would be recorded in there                 |

R & R COURT REPORTERS
709 Second Avenue
Fairbanks, Alaska 99701
(907) 452-3589



Exhibit 25 page 4