

AUG 2 7 2007

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

Nada Raad
1300 Viewpointe
Fairbanks, Alaska 99709
Tel: 907-479-9122


IN THE UNITED STATES DISTRICT COURT OF ALASKA

NADA I. RAAD                    )
              Plaintiff )
    v.                          )
                                )
FAIRBANKS NORTH STAR            )
BORROUGH SCHOOL                 )
DISTRICT                        ) United States District
                                ) Court of Alaska
              Defendant ) Case No. 97-0068CV (RRB)
                                )
_____ )


### MOTON FOR RECONSIDERATION FOR ORDER REGARDING PENDING MOTIONS DATED AUGUST 23, 2007

Hereby Come Plaintiff Raad, Pro se, respectfully asking this Court to reconsider relief from attorney fees and at least partial of the cost that occurred in another proceeding due to clerical error upon FRCP 60(a). The Court depending on the outcome of the special verdict but did not include Plaintiff jury instructions that will proof discrimination and

Page 1 of 8

retaliation by defendant. The Court ignored the fact
that Plaintiff financial situation. The Court did not
explain why the case is frivolous even though Plaintiff
met the applicable law to support her case as a non
frivolous case and had merits. The Court is taking for
granted that Defendant is saying the truth where
inconsistency among Defendants witnesses existed. The
Court is wrong in stating that Plaintiff made a threat
where the record showed that Plaintiff was not yelling
or screaming and she did not made a threat. The Court
is wrong in not looking at the qualification of
plaintiff. The purpose of the bond was stated in Docket
598 is different of what the Court is stating in the
order dated August 23, 2007. The argument Plaintiff
represented in her motions filed on August 9, 2007 and
supported her argument and in compliance with the law.
Docket numbers that the Court referred to in the order
dated August 23, 2007 are wrong[1]. Plaintiff last Docket
number filed in her Appeal was Docket 598 (Exhibit 2).
Plaintiff is not sure if the Court reviewed Plaintiff
relief from judgment dated August 9, 2007.

This case is a title VII of the Civil Rights Act
of 1964 Civil Rights act, 42 U.S.C. 2000e et seq,. The
District Court [Docket 353] and the Ninth Circuit in
Raad v. Fairbanks North Star Borough School District,
323 F. 3d 1185-1198 (9th cir. 2003) has held that
Plaintiff established a prima facie case of
discrimination that she raised for Title VII 2000e et

---

[1] The number of Docket might also be wrong in Defendant motion to have the permanent fund.
Page 2 of 8

seq. (EX. 1). This case was not a frivolous case; it has the merit and foundation. The Ninth Circuit in its unpublished memorandum order dated August 24, 2006 explained why the attorney fees should not be awarded to Defendant (EX. 1 pages 6-10).

The Court is ignoring that Plaintiff case was not frivolous and in compliance with the law. This Court failed to say why the case is frivolous even it contradicted it self in previous ruling (EX. 1 pages 6-10). Plaintiff should not be punished because she was represented by counselor who argued this case. At no point during the litigation of this case there was any indication from the Court that the case was frivolous or had no foundation. The Court even supported that the case was not frivolous by denying attorney fees (Docket 385) at the beginning of this case Plaintiff represented herself with the help of counselor.  Early in this case Judge Holland at the District Court asked Plaintiff to either represented herself or hired an attorney. Plaintiff knew nothing about the legal system and had no choice except hiring counselor to represent her. At no point the Court intervened to stop this lengthy litigation between the Plaintiff and defendant counselors. Plaintiff had no choice except to represent herself after the trial with no help from anyone. Plaintiff became in debt to cover cost of living and cost related to this case.  This Court ignored inability of Plaintiff to pay attorney fees. The Court

is not in compliance with the law in ordering Plaintiff
to pay attorney fees and not explaining the reasons.

The Court was aware of Plaintiff Jury instructions
filed on January 28, 2004 (Docket 467). The Court did
not include some of them like 1, 2 and 8. The special
verdict imposed by the Court did not include such
instructions. The Court followed the special verdict.
The Court failed to make an express finding on the
issue of inconsistency that was omitted from the Jury
instructions. Inconsistency is a major element to proof
discrimination and retaliation. The record showed
inconsistency of Defendant's witnesses including
Plaintiff argument in her motion filed on august 9,
2007. If the District Court will look at the
inconsistency among the above Defendant's employee's
statements then discrimination and retaliation against
Plaintiff and a relief from Judgment stated in Docket
524 discrimination and retaliation shall be
established. See Glover v. BIC Corp, 6 F.3d 1318, 1329
(9th Cir. 1993) Scott v.IBM Corp, 196 F.R.D. 233, 248-
251 (D. New Jersey, 2000). Civil Rights Act of 1964 701
at seq as amended 42 U.S.C.A. 2000e seq." Raad v.
Fairbanks North Star Borough School District, 323 F. 3d
1185, 1187-88 (9th cir. 2003).

Plaintiff did not threat any one. In this era,
bias and prejudice existed in this population because
of Plaintiff national origin and religion. Plaintiff
was honest in her testimony and testified that she did
not make any threat. The Court is still ignoring the

inconsistency of defendant witnesses and claiming that
Plaintiff made a threat to support the ruling. The
court rejected to include evidence to show how other
Defendants' employees were discipline for severe
behavior. Plaintiff was suspended for one year for
something she did not do. The Court is ignoring this
fact. The Court can make an express finding in this
matter since it was not included in the Jury
instructions.

The District Court overlooked the qualification of
Plaintiff that was already established during summary
judgment in this case. Defendant did not appeal
superior qualification of Plaintiff after summary
judgment. The Court failed to instruct the Jury
regarding rehiring teachers with temporary teaching
position as full time teachers as Plaintiff was
entitled to. The Court can make an express finding in
this matter since it was not included in the Jury
instructions See Docket 536. See International
Brotherhood of Teamsters v. United stated, 431, U.S.
324, 335 n. 15, 97 S.Ct, 1843, 1854 n. 15, 52 L. Ed. 2d
396 919977); Washington v. Garrett 10 F.3d at 1434.

As with respect to cost, the District Court made a
clerical error by including cost for deposits taking in
another procedure with Alaska Human Rights Commission
(AHRC). Plaintiff was not even involved in these
depositions. This cost should be excluded from the cost
fees. Plaintiff could not understand why the Court
included this cost when it ordered to exclude positions

in the human rights case. The Court ruled previously
that this case is independent from the AHRC case.
Plaintiff complied.

The Court ignored the misrepresentation of
Defendant regarding financial situation of Plaintiff
when ruled on attorney fees against Plaintiff.
Plaintiff had to borrow money and get loans for living
and for paying her Counselor attorney fees and cost.
Plaintiff is still in dept. Defendant misrepresented to
the District Court the financial situation of
Plaintiff.

The Court rejected relief from bond in Docket 598.
The Court stated "that plaintiff should bear the costs
for further litigation as she forces Defendant to
continue respond to her claims". Defendant failed to
respond to Plaintiff claims in many motion including
the relief from Judgment that was filed on august 9,
2007. In the Order dated August 23, 2007 The Court
stated" The purpose of the bond is to partially
compensate an opposing party if the appeal proves
unsuccessful". These two reasons are different. The
bond should be released to Plaintiff and not Defendant.

Docket numbers that the Court referred to in the
order dated August 23, 2007 are wrong. Plaintiff last
Docket number filed in her Appeal was Docket 598
(Exhibit 2). Plaintiff is not sure if the Court
reviewed Plaintiff relief from judgment dated August 9,
2007. Plaintiff is concern about the ruling in this
case. Plaintiff presented to this Court the law that

Page 6 of  8

attorney fees should be denied against Plaintiff. The
Court failed to stay the applicable law to grant
Defendant attorney fees or how the Court reached this
number. (Exhibit 1 pages 6-10). Warren v. City of
Carlsbad, 58 F. 3d 439, 444 (9th Cir. 1995). Docket #
385). Raad v. Fairbanks North Star Borough School
District, 323 F. 3d 1185-1198 (9th cir. 2003); Jensen v.
Stangel, 762 F. 2d 815, 818 (9th Cir 1985); Marguart v.
Lodge 837, Int'l Ass'n of Machinists, 26 F.3d 842, 853
(8th Circuit 1994); Reeves v. Sanderson Plumbing
Products. Inc., 4 U.S (99-536) 530 U.S. 133 (2000) 197
F. 3d 688; Neitzke v. Williams, 490 U.S. 319, 325,109
S.Ct. 1827, 1831, 104 L.Ed.2d 338, 347 (1989)"; AFSMCE
v. County of Nassau, 96 F. 3d 644 (2d Cir 1996); Tutor-
Saliba Corp. v. City of Hailey, 452 F. 3d 1055, 1065
(9th Cir. 2006); Benton v. Or. Student Assitance Comm'n
, 421 F. 3d 901, 904 (9th Cir. 2005); Cummings v.
Connell, 402, F. 3d 936, 947 (9th Cir. 2005);
Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421-22
(1978). United States Steel Corp. v. United States, 519
F.2d 359, 362 (CA3) Carrion v. Yeshiva University, 535
F.2d 722 (Cir Two).

The Court was humanitarian with former counselor
Robert sparks by deducting the sanction from 50,000 to
1,000. He represented this legal case. Plaintiff did
not do any thing wrong. Plaintiff should not be
punished for something she did not do. Plaintiff is
asking this Court to be humanitarian with her and
relief her from Judgment that included attorney fees of

an amount of $150,000 against Plaintiff and excluded

the cost of depositions taking in another procedure.

Affidavit and Order are attached

Respectfully submitted.


DATED THIS **21** DAY OF August **21**, 2007

Nada Raad, pro se

CERTIFICATE OF SERVICE
I hereby certify that a true copy of
the above document and attachments were [x] mailed:
Peter C. Partnow at:
Lane Powell Spears Lubersky LIP
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
and a courtesy copy was mailed to Robert Sparks
at 1552 Noble Street
Fairbanks, Alaska 99701
this **21** day of August, 2007.

Nada Raad, pro se