

OCT 22 2007

**CLERK, U.S. DISTRICT COURT**
**FAIRBANKS, AK**

Nada Raad
1300 Viewpointe
Fairbanks, Alaska 99709
Tel: 907-479-9122

IN THE UNITED STATES DISTRICT COURT OF ALASKA

| | |
|---|---|
| NADA I. RAAD ) | |
| Plaintiff ) | |
| v. ) | |
| FAIRBANKS NORTH STAR ) | |
| BOROUGH SCHOOL ) | |
| DISTRICT ) | United States District |
| ) | Court of Alaska |
| Defendant ) | Case No. 97-0068CV (RRB) |
| _____ ) | |

## NOTICE TO COURT REGARDING ORDER DATED OCTOBER 18, 2007

Hereby Come Plaintiff Raad, Pro se, respectfully thanks the Court for denying the bond. It is unfortunate and sad that this Court is establishing things that are not true and had no basis regarding Plaintiff personality in its order dated October 18, 2007. There was no need for Defendant motion for bond knowing that the prevailing party will pursue the cost in the United States for Court of Appeal for the Ninth Circuit. The Court is not in compliance with the Law. Judge Holland at the District Court and the Ninth Circuit stated that Prima Facie case was established and attorney fees

Page 1 of 6

against plaintiff should not be awarded according to Warren Case and other cases cited in the Ninth Circuit memorandum (see Docket 556(new system)exhibit 1). This Court is asking Plaintiff to pay $150,000 for attorney fees and $23,000 for cost at the same time criticizing Plaintiff why Ms. Raad is pursuing her Appeal. This Court contradicted what stated in its recent order dated September 25, 2007 (Docket 565 (new system)) that Plaintiff can appeal her case. Plaintiff received the green light from this Court to pursue her case and appeal it to the Ninth Circuit. The Court is wrong in referring a testimony that Plaintiff had narcissistic personality disorder. It was never established that she had such disorder. If the Court understands Plaintiff's circumstances, culture and religion then this Court will understand why Plaintiff is pursuing her case. It is sad that this Court is in denial of the law and not Plaintiff. Plaintiff is pursuing her case because this Court is wrong of dismissing the case, awarding attorney fees and cost against Plaintiff. Plaintiff does not have the money. The Court is in denial of this fact and is ignoring the humanitarian part to put Plaintiff in this dilemma. This Court is not following precedent cases that the Court of Appeal for the Ninth Circuit cited in the memorandum which it is clear that attorney fees should not be awarded against plaintiff. The Court refused to inform Plaintiff why this case is frivolous, refused to say why it has no merits, refused to explain how it come out with this amount of money of

Page 2 of 6

$150,000, refused to consider plaintiff financial hardship. If Plaintiff had narcissistic disorder because she is perusing her case as the Court is stated in its recent order dated October 18, 2004, then law figures including police, district attorneys, prosecutors , and others as human rights activists and civil rights activists, had narcissistic disorder personality because they are pursuing their cases. This does not make sense. That's really odd from this Court to make such statement at this time after Plaintiff appealed to the Ninth Circuit upon Court recommendation. It seems to me that this Court did not experience discrimination and retaliation or live with fears and worries to pay the bills or put the food on the table or find a job. Plaintiff did experience the fear and worries as a result of the discrimination and retaliation actions by Defendant. Plaintiff, of Lebanese national origin, and Muslim (Moslem) religion had experience the pain, emotional distress, bias, prejudice, discrimination and retaliation by Defendant. During the trial, Plaintiff former Counselor cited a case by California Supreme Court to discredit Defendant expert witness Dr. Raffle.  The California Supreme Court concluded that it was not prejudicial misconduct for counsel to refer to Dr. Raffle, the expert witness, as "a liar" See People v. Clark, 857 P2d. 1099, 1141-42 (Cal. 1993). Neither Plaintiff therapist nor Plaintiff expert witnesses agreed on Dr. Raffle's diagnosis and reports. Dr. Raffle testified in front of the Congress

that nicotine is not addictive[1] with no scientific basis. Dr. Raffel failed to perform the adequate research prior to testifying to this conclusion. These issues are relevant to Dr. Raffle's credibility as an expert witness. In addition, Plaintiff never had any problems teaching for Fairbanks North Star Borough School District and never received any complaint about her capability of teaching after she earned her teaching certification. During the trial, Dr. Raffle mentioned that his bills were close to $50,000. Defendant should be ashamed of claiming that Plaintiff caused high cost to Defendant. To the contrary, defendant abused the system and caused plaintiff to be in debt. It was only after Plaintiff went to Court to seek justice; Defendant could not find any thing to discredit Plaintiff except bringing an expert witness whose credibility is in question. Defendant wasted the Court and Plaintiff time and caused Plaintiff pain and hardship by misrepresenting facts. Defendant held the fact for fourteen years that Plaintiff had priority to be hired before the selected teacher for science position at Lathrop high school in 1993. Plaintiff represented these facts to this Court in her recent request for a relief from Judgment filed on August 9, 2007. Plaintiff former counselor in his "Plaintiff's motion and memorandum in Limine for exclusion of Dr.

---

[1] See regulation of Tobacco products: hearing before Subcommittee on Health and the Environmental of the House Committee On energy and the Commerce, 103d Congress, 2nd session at 145-47 (1994).

Page 4 of 6

Raffle reports and opinions" filed on 12 of January, 2004 gave the reasons to eliminate his testimony.

The court is not considering what defendant did to Plaintiff including the false accusation of threatening to blow up the building. The facts showed that Plaintiff did not make any threat and should be hired before any new applicants in 1993. The Court as well as Defendant knew what does it means for a Moslem and Lebanese Plaintiff in this era to be accused of a false threat to blow up a building. Plaintiff is only seeking justice and she is hoping to find it. As much as Plaintiff would like to stop this dilemma; the Court did not give Plaintiff a choice except recommending appealing as in order dated September 25, 2007 Docket 565. Defendant history of discriminating and retaliating against Plaintiff, not respecting confidential agreement, releasing confidential agreement as in the record with no action from the Court to penalize Defendant, and ruling on favor of Defendant gave no choice for Plaintiff except litigating this case. Plaintiff had no previous experience in the Court system and followed the Court recommendation to be presented by counselor. Plaintiff followed the Court order in allowing Ms. Raad to appeal this case again to the Ninth Circuit.

Plaintiff would not appeal if the Court looked at the facts, rules on favor of Plaintiff and denied attorney fees and cost against Plaintiff as in according to the law.

Page 5 of 6

Recently on October 18, 2007 the Court ordered not to file any motions at the trial level; nine years after Plaintiff filed this case in this Court. Plaintiff wishes that this Court took this action years ago, intervene to resolve the issues before trial and/or proceed to trial within a year after filing a complaint to avoid dragging the case for years. Instead, the Court allowed around 600 dockets filed in this Court. Plaintiff wishes that no other plaintiff would be dragged for that long to seek justice.

It is in the hand of the Court to prevent such a dilemma so it will not happen again. It is in the hand of the Court to stop the abuse of the system by counselors and prevent such high cost to all parties.

Respectfully submitted.

DATED THIS 22 DAY OF October, 2007

_____
Nada Raad, pro se

CERTIFICATE OF SERVICE
I hereby certify that a true copy of
the above document and attachments were
mailed to:
Peter C. Partnow at:
Lane Powell Spears Lubersky LIP
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
and Courtesy copy was mailed to:
Robert Sparks at 1552 Noble street,
Fairbanks, Alaska 99701
this 22 day of October, 2007.

_____
Nada Raad, pro se